IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN ANTHONY RIKER,

             Plaintiff,

   v.

TAYLOR ANNE RIKER,

             Defendant.

ORDER

11-cv-602-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary and injunctive relief, plaintiff Sean Anthony Riker, an inmate at the Wisconsin Secure Program Facility, contends that his ex-wife, defendant Taylor Anne Riker, falsely told the police that plaintiff had downloaded child pornography on his computer. Plaintiff brings claims against defendant for slander and defamation and asks that the court order defendant to be prosecuted for possession of child pornography. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his proposed amended complaint and dismiss any portion that is legally

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

I cannot determine whether plaintiff may proceed with his claims against defendant because it is not clear whether this court has jurisdiction over plaintiff's claims. In every case filed in federal court, the first task is to determine whether subject matter jurisdiction exists, even if none of the parties raise that issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."); DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009) ("Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants."). Federal courts have limited jurisdiction, which means that they may hear a case only if Congress has authorized it. Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

Plaintiff's claims against defendant are state law claims. Thus, the requirements of § 1332 must be satisfied for the court to exercise jurisdiction over this case, that is, plaintiff must show that he and defendant are citizens of different states and that more than $75,000

is in controversy. Plaintiff is seeking $1 million in damages from defendant, so the amount in controversy requirement is met. Back Doctors Ltd. v. Metropolitan Property and Casualty Insurance Co., 637 F.3d 827, 831 (7th Cir. 2011) (amount in controversy requirement of § 1332 is satisfied if it is legally possible for plaintiff to recover that amount, even if recovery of that amount is improbable). However, because plaintiff has not told the court the state or states of which he and his ex-wife are citizens, I cannot determine whether plaintiff and defendant are citizens of different states. (Plaintiff has provided a Colorado address for defendant, but has not alleged that she is a citizen of Colorado.)

An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). For plaintiff, his citizenship is "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002). Before I can determine whether this court has jurisdiction over his claims, plaintiff needs to identify both his and defendant's states of citizenship.

ORDER

IT IS ORDERED that Sean Anthony Riker may have until October 21, 2011 in which

to provide this court verification of the diversity of citizenship between himself and defendant Taylor Anne Riker. He should submit a sworn affidavit containing this information. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 7th day of October, 2011.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge