IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN ANTHONY RIKER,

                                Plaintiff,

      v.

TAYLER ANNE RIKER,

                                Defendant.

ORDER

11-cv-602-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN ANTHONY RIKER,

                                Plaintiff,

      v.

TAYLER ANNE RIKER,

                                Defendant.

ORDER

12-cv-641-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Sean Riker has filed a motion to seal closed cases 11-cv-602-bbc, dkt. #21, and 12-cv-641-bbc, dkt. #55. Plaintiff alleges that he has learned of a website that directs individuals to look up these court cases and use them as a "reference and excuse" to do "street justice" on defendant Tayler Riker.

      The general rule is that materials should not be sealed "unless a statute or privilege justifies nondisclosure." <u>United States v. Foster</u>, 564 F.3d 852, 853 (7th Cir. 2009). Plaintiff does not explain the basis for his belief that defendant is under any threat or indicate that defendant has encountered any actual threats to her safety. Instead, he speculates about what

1

could happen to defendant if some undisclosed person were angry enough about the cases to seek out defendant and cause her harm. Furthermore, defendant's address has not been revealed on the public docket in either of these cases, so it appears highly unlikely that someone could find defendant based on the filings in these cases. Such unsubstantiated speculation is insufficient reason for sealing a case.

Further complicating things is that plaintiff failed to ask for the record to be sealed until now, after the cases have been closed and after the case filings have been accessible through electronic legal databases for some time. Even if these cases were to be sealed, I am unaware of any instances in which court orders or opinions have been removed from such databases (other than opinions that have been vacated by a court), so it is unclear what sealing the cases now would accomplish.

Plaintiff's motion provides insufficient grounds to seal the closed cases, and it will be denied. I encourage defendant to seek the assistance of local law enforcement if she feels threatened in any way.

ORDER

IT IS ORDERED that plaintiff Sean Riker's motion to seal the record in cases 11-cv-602-bbc, dkt. #21, and 12-cv-641-bbc, dkt. #55, is DENIED.

Entered this 23d day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge